# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **UNITED STATES OF AMERICA,** Plaintiff, vs. **REINE FLEUR SILVERLIGHT,** Defendant. | CASE NO. 4:12-cr-201-YGR *and related 4:17-cr-117-YGR* **ORDER DENYING MOTION FOR COMPASSIONATE RELEASE** Re: Dkt. No. 72 (*Dkt. No. 35 in related action*) |

Defendant Reine Fleur Silverlight is currently in the custody of the Bureau of Prisons ("BOP") and incarcerated at the Federal Corrections Institute in Dublin, California ("FCI Dublin"). Silverlight moves for an order modifying her sentence pursuant to 18 U.S.C. section 3582(c)(1)(A). Silverlight requests that the Court reduce her sentence to time served with the balance of the period of her original sentence imposed as a period of supervised release with home confinement and such other conditions as the Court deems just. The Government opposes the motion.

The Court has jurisdiction to grant the relief requested[1] and, having carefully considered the papers and evidence submitted in support of and in opposition to the motion and the reports provided by U.S. Probation, the Court **DENIES** the motion.

## DISCUSSION

In 2012, Ms. Silverlight was charged with violations of 21 U.S.C. § 843(b) and (d)(1) (using a communications facility to commit drug trafficking) (Case No. 12-cr-201-YGR). After

---

[1] The Government concedes that the Court has jurisdiction given that 30 days have elapsed since Silverlight submitted a request for compassionate release on January 19, 2021 to the warden at FCI Dublin.

her pretrial release on the 2012 charges, Ms. Silverlight failed to report to the residential treatment center at New Bridge and her initial district court appearance, remaining a fugitive until she was arrested in Ohio in 2015 for additional drug violations. Those failures to appear are the basis for the second criminal case charging violations of 18 U.S.C. § 3146(a)(1) and (b)(1)(A)(i) (failure to appear) (Case No. 17-CR-0117-YGR).

On July 13, 2017, Ms. Silverlight pleaded guilty to violations of 21 U.S.C. sections 841(a)(1), (b)(1)(C), and (b)(1)(B)(iii) (possession with intent to distribute 28 grams or more of cocaine base) and 18 U.S.C. section 922(g) (felon in possession of a firearm and ammunition). On September 28, 2017, this Court sentenced Silverlight to a total of 81 months in custody, to run concurrent with the remaining portion of her sentence in her 2015 Ohio state criminal case, and a term of one year of supervised release. (Dkt. No. 68.)[2] The amended judgment states: "The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of 81 months; specifically, the defendant is sentenced to 48 months on Case number CR-12-0201-YGR and 33 months on Case number CR17-00117-001 YGR, to run consecutively to one another, but the total term federal term is to run concurrently with the sentence previously imposed in Case Number 2015CR1283A in Stark County, Ohio." (*Id.*) Ms. Silverlight's current anticipated release date is April 19, 2023.

As amended by the First Step Act, 18 U.S.C. section 3582(c)(1)(A) provides:

> [T]he court, upon motion of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment...after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that –
> (i) extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A). As the Ninth Circuit recently held, "the Sentencing Commission has not yet issued a policy statement 'applicable' to 3582(c)(1)(A) motions filed by a defendant" and

---

[2] All Docket references are to the 4:12-cr-201-YGR docket unless otherwise noted.

"the Sentencing Commission's statements in U.S.S.G. § 1B1.13[3] may inform a district court's discretion for § 3582(c)(1)(A) motions filed by a defendant, but they are not binding." *United States v. Aruda*, 993 F.3d 797, 802 (9th Cir. 2021).

Ms. Silverlight contends that "extraordinary or compelling reasons" exist because the conditions of her incarceration pose a heightened danger to her health both in terms of her exposure to COVID-19 and the possibility of injury due to the impact of her existing medical conditions. Ms. Silverlight is 48-year-old woman living with a rare, degenerative bone disease since childhood. The disease required her to have both hips replaced in her early thirties, and has left her with nerve damage, degenerated discs in her spine, and chronic pain. Ms. Silverlight further contends that compelling reasons exist because her family needs her assistance in caring for her minor children and very young grandchild, and her sentence is disproportionate to the conduct for which it was imposed. [4]

The Court has reviewed its file in this matter thoroughly, including the Probation Office's presentencing report submitted at the time of sentencing and the BOP medical and programming records submitted in connection with this motion. Ms. Silverlight does not contend that she has the sort of medical condition that places her on the CDC list of at-risk individuals who may suffer severe symptoms if they contract COVID-19. Under the non-binding Guidelines and comments

---

[3] While not binding, the Court notes that Guideline 1B1.13 states:
a court may reduce a term of imprisonment (and may impose a term of supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment) if, after considering the factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable, the court determines that—
    (1) (A) extraordinary and compelling reasons warrant the reduction; or
    (B) the defendant (i) is at least 70 years old; and (ii) has served at least 30 years in prison pursuant to a sentence imposed under 18 U.S.C. § 3559(c) for the offense or offenses for which the defendant is imprisoned;
    (2) the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g); and
    (3) the reduction is consistent with this policy statement.
U.S.S.G. § 1B1.13.

[4] To the extent, Ms. Silverlight believes she is not receiving appropriate medical treatment, she should use the existing protocols to have those decisions reviewed.

3

thereto, a "defendant's debilitating physical or mental condition may warrant compassionate release" when she is suffering "a serious physical or medical condition . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." Guideline § 1B1.13, cmt. 1(A)(ii). While the Court appreciates that the conditions of Ms. Silverlight's confinement make some activities of daily living more difficult, she has not shown that her ability to care for herself has been substantially diminished by her medical condition as a result of her incarceration.

Likewise, Ms. Silverlight's arguments for release to care for members of her family do not rise to the level of "extraordinary and compelling" circumstances warranting reduction of her sentence. Ms. Silverlight's parents, while at greater risk from complications from COVID-19, are not incapacitated and her minor children are not without a caregiver.

Finally, with respect to the length of the sentence imposed, the Court finds no extraordinary or compelling circumstances to warrant a sentence reduction here. The Court imposed a term of 81 months: "48 months on Case number CR-12-0201-YGR and 33 months on Case number CR17-00117-001 YGR, to run consecutively to one another, but the total term federal term is to run concurrently with the sentence previously imposed in Case Number 2015CR1283A in Stark County, Ohio." (Amended Judgment, Dkt. No. 68 at 2.) Given Ms. Silverlight's level of offense and criminal history category, the Guideline term of imprisonment was a significantly greater noting a custodial term of 168 months total for the offenses to which Ms. Silverlight pled guilty. Further, given her exposure, Ms. Silverlight entered into a Rule 11(c)(1)(C) plea which specified an agreed-upon term of incarceration.[5]

The Court also takes into account whether the defendant is a danger to the safety of any other person or to the community, as provided in 18 U.S.C. section 3142(g), and the factors under 18 U.S.C. section 3553(a), including those in subsection (6) regarding sentencing disparities among defendants with similar records who have been found guilty of similar conduct. The factors do not support Ms. Silverlight's request for compassionate release. The nature of the

---

[5] For this reason, the Court need not address the ancillary arguments regarding her custodial time in Ohio as it relates to the case here.

4

offenses to which Ms. Silverlight pled guilty posed a serious danger to the community, even if non-violent. While the Court recognizes that Ms. Silverlight has maintained her sobriety during her incarceration, as well as an exemplary record of program participation and good conduct, these factors are not reason enough to grant the extraordinary remedy of a sentence reduction.

For the foregoing reasons, Ms. Silverlight's motion for compassionate release is **DENIED**.

This Order terminates Docket No. 72 in 12-cr-201-YGR action, and Dkt. No. 35 filed in the related 17-cr-117-YGR action.

**IT IS SO ORDERED.**

Dated: May 3, 2021

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT JUDGE**